UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK **CV 1 2 - 3208**
-----------------------------------------------------------X

DANIEL CORDERO, KELLY HYDE
and KEVIN HYDE, on behalf of themselves
and all other similarly situated individuals,

                   Plaintiffs,

      v.

NEW YORK INSTITUTE OF TECHNOLOGY,

                   Defendant.

-----------------------------------------------------------X

Civil Action No.

FEUERSTEIN, J.

**COMPLAINT**    BROWN, M. J.

**JURY TRIAL DEMANDED**

Plaintiffs Daniel Cordero, Kelly Hyde, and Kevin Hyde (collectively, "Plaintiffs") on

behalf of themselves and all other similarly situated individuals, by and through their undersigned

counsel Thompson Wigdor LLP, as and for their Complaint in this action against Defendant New

York Institute of Technology ("NYIT" or "Defendant"), hereby allege as follows:

## NATURE OF THE CLAIMS

1.     Plaintiffs are current and former service employees of Defendant NYIT's de

Seversky Mansion ("NYIT de Seversky"). During their employment at NYIT de Seversky,

Plaintiffs and other similarly situated individuals were subjected to numerous violations of federal

and state labor laws, including (i) overtime violations; (ii) illegal retention of employee gratuities

and "charges purported to be gratuities"; and (iii) uniform purchase and maintenance violations.

Plaintiffs seek relief on behalf of themselves and all similarly situated individuals.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C.
§§ 201, *et seq.* ("FLSA").  The Court has supplemental jurisdiction over the New York Labor
Law ("NYLL") state claims arising pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because
Defendant NYIT's primary place of business is located within the Eastern District of New York,
and a substantial part of the events and/or omissions giving rise to this action occurred in this
District.

4.      Plaintiffs' claims are properly consolidated as a single action because, *inter alia*,
their claims arise from the same nexus of facts, parties and circumstances, and involve nearly
identical issues of fact and law.

## PARTIES

5.      Defendant New York Institute of Technology is a private, not-for-profit
educational institution with three campuses in the State of New York, two located on Long Island
and another campus located within the Borough of Manhattan, and a principal place of business
located at Tower House, Northern Boulevard, Old Westbury, New York 11568.  At all relevant
times, Defendant NYIT has met the definition of an "employer" under the Fair Labor Standards
Act and New York Labor Law. Upon information and belief, Defendant NYIT owns and operates
the de Seversky Mansion

6.      Plaintiff Daniel Cordero is an adult resident of Queens, New York and was
employed by Defendants as a waiter and captain at NYIT de Seversky from approximately
October 2009 to December 2011.

2

7.     Plaintiff Kelly Hyde is an adult resident of Queens, New York and has been employed by Defendants as a waitress at NYIT de Seversky from approximately June 2008 to the present.

8.     Plaintiff Kevin Hyde is an adult resident of Queens, New York and was employed by Defendants as a waiter and bartender at NYIT de Seversky from approximately July 2007 to September 2011.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiffs bring the First Cause of Action as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, waiters, waitresses, captains, bartenders and all other service employees employed by Defendant at NYIT de Seversky between June 27, 2009 and the present (the "FLSA Collective Period"). All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective." Plaintiffs' "Notice of Consent to Join a Collective Action" forms are attached as Exhibit A.

10.    At all relevant times, Plaintiffs and the other FLSA Collective members are and have been similarly situated, have had similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, programs, practices, protocols, routines, and rules of willfully failing and refusing to pay them one and one half times their hourly rate for all hours worked in excess of forty (40) hours per week.  The claims of the Plaintiffs stated herein are essentially the same as those of the other FLSA Collective members.

11.    The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

3

## RULE 23 CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring the Second, Third and Fourth Causes of Actions pursuant to Fed R. Civ. P. 23, on behalf of all servers, waiters, waitresses, captains, bartenders and all other service employees employed Defendant at NYIT de Seversky between June 27, 2006 and the present (the "NYLL Period"). All said persons, including Plaintiffs, are referred to herein as the "NYLL Class."

13.     The NYLL Class members are readily ascertainable. The number and identity of the NYLL Class members are determinable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay of each NYLL Class member are also ascertainable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

14.     The proposed NYLL Class is so numerous that jointer of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Upon information and belief, the NYLL Class has more than 50 members.

15.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the NYLL Class, and the relief sought is typical of the relief which would be sought by each member of the NYLL Class in separate actions. All of the NYLL Class members are and were subject to the same employment practices of Defendant as alleged herein, namely the failure to pay them one and one half times their hourly rate for all hours worked in excess of forty (40) hours per week, the illegal retention of tips/gratuities, and the unlawful failure to reimburse costs for purchasing and maintaining uniforms. Defendant's policies and practices affected all NYLL Class members similarly. Defendant benefitted from the same type of unfair and/or wrongful acts

4

as to each NYLL Class member.  Plaintiffs and the other NYLL Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.     Plaintiffs are able to fairly and adequately protect the interests of the NYLL Class and have no interests antagonistic to the NYLL Class.  Plaintiffs have retained counsel who are qualified and experienced in both class action litigation and employment litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

17.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

18.     Because the losses, injuries and damages suffered by each of the individual NYLL Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  In addition, the important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

19.     The prosecution of separate actions by individual members of the NYLL Class would create a risk of inconsistent and/or varying adjudications with respect to the individual

members of the NYLL Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual Class members, including, but not limited to:

      a.   Whether Defendant employed Plaintiffs and the NYLL Class within the meaning of the New York Labor Law;

      b.   Whether Defendant failed to pay Plaintiffs and the NYLL Class one and one half times their hourly rate for all hours worked in excess of forty (40) hours per week;

      c.   Whether Defendant failed to maintain accurate records of the hours worked by Plaintiffs and the NYLL Class as required by the NYLL;

      d.   Whether the "service charge" charged to Defendant's customers was a gratuity within the meaning of NYLL § 196-d;

      e.   Whether Defendant illegally retained Plaintiffs' and the NYLL Class' tips;

      f.   Whether Defendant required Plaintiffs and the NYLL Class to purchase and/or clean and maintain uniforms;

      g.   Whether Defendant unlawfully failed to reimburse Plaintiffs and the NYLL Class for the cost of purchasing and/or cleaning and maintaining uniforms; and

      h.   Whether Defendant's violations of the NYLL were willful.

## FACTUAL ALLEGATIONS

21.     Plaintiffs and the members of the FLSA Collective and NYLL Class work or worked as servers, bartenders and/or captains for events held at NYIT de Seversky.

22.     Plaintiffs and the members of the FLSA Collective and NYLL Class are or were employed directly by Defendant.

23.     Plaintiffs and the members of the FLSA Collective and NYLL Class worked from time to time in excess of forty hours per workweek.

24.     Plaintiffs and the members of the FLSA Collective and NYLL Class were not compensated at one and one half times their regular rate of pay for all hours worked over forty per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law § 650, *et seq*.

25.     Plaintiffs and members of the FLSA Collective and NYLL Class were not paid at all for certain off-the-clock time worked in excess of 40 hours per week.

26.     Upon information and belief, banquets and pre-planned parties accounted for a significant portion of NYIT de Seversky's revenues.

27.     Defendant regularly charged customers a service fee in connection with the banquets and pre-planned events of approximately 18-20% of the customer bill (the "Service Charge").

28.     Defendant led or knowingly allowed the reasonable customer to believe that the Service Charge was a gratuity by, *inter alia*, calling it a "service charge," representing to customers that the Service Charge was a gratuity, and failing to tell customers that the Service Charge was not a gratuity.

7

29.     For instance, but only by way of example, Defendant would routinely place signs discouraging customers and guests of customers from giving gratuities to Plaintiffs and the NYLL Class members at or near locations where Plaintiffs and the NYLL Class members would be stationed during events at NYIT de Seversky.

30.     Moreover, NYIT de Seversky customers ordinarily have not and do not leave any gratuity for Plaintiffs and the NYLL Class members other than what they pay to NYIT de Seversky management pursuant to the Service Charge.

31.     Throughout the relevant time period, Defendant had knowledge of N.Y. Lab. Law § 196-d and the legal requirement that service employees are entitled to the gratuities.

32.     Nonetheless, Defendant retained all or a portion of the monies collected pursuant to the Service Charge.

33.     By not distributing the entirety of the Service Charge to Plaintiffs and the NYLL Class members, Defendant unlawfully demanded and retained the gratuities or charges purported to be gratuities.  Defendant did not allow Plaintiffs and the NYLL Class members to retain all of the gratuities and charges purported to be gratuities they had earned.

34.     In addition, during their employment at NYIT de Seversky, Plaintiffs and the NYLL Class members have been required to wear a uniform consisting of, *inter alia*, a three-button black tuxedo suit jacket, a ruffled white shirt with a wing tip collar, striped black tuxedo pants, a black vest, and either a black bow tie or a burgundy necktie, which could not be worn as part of the NYLL Class members' ordinary wardrobe.

35.     All of the articles of clothing for the uniforms had to be purchased by Plaintiffs and the NYLL Class members themselves.

36.     The clothes were of a particular style determined by Defendant.

8

37.    The clothing that Plaintiffs and the NYLL Class members were and are required to wear while working at NYIT de Seversky constitutes a uniform within the meaning of the New York Labor Law.

38.    Defendant has not reimbursed Plaintiffs and the NYLL Class members for the cost of purchasing the uniforms.

39.    These mandated uniforms cannot be cleaned along with Plaintiffs' and the NYLL Class members' every-day clothing, and require dry cleaning and/or other special treatment.

40.    Defendant does not wash and maintain these uniforms for the NYLL Class members.

41.    Defendant does not reimburse Plaintiffs and the NYLL Class members for the cost of cleaning and maintaining the uniforms.

42.    Defendant knew that the foregoing acts violated the FLSA and NYLL, and would economically injure Plaintiffs, the FLSA Collective and the NYLL Class.

43.    Defendant committed the foregoing acts against Plaintiffs, the FLSA Collective and the NYLL Class.

44.    Defendant committed the foregoing acts knowingly, intentionally and willfully.

## AS AND FOR A FIRST CAUSE OF ACTION
### (FLSA Overtime Violations)

45.    Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and reallege each and every allegation in paragraphs 1 through 44, inclusive, as if fully set forth herein.

46.    Throughout the FLSA Collective Period, Plaintiffs and the other members of the FLSA Collective regularly worked and continue to work in excess of forty (40) hours per workweek.

47.     At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay Plaintiffs and the FLSA Collective at one and one half times their hourly wage for all work in excess of forty (40) hours per workweek.

48.     At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective at the required overtime rate, one and a half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

49.     Due to Defendant's FLSA violations, Plaintiffs and the members of the FLSA Collective are entitled to recover from Defendant damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## AS AND FOR A SECOND CAUSE OF ACTION
### (NYLL Overtime Violations)

50.     Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege each and every allegation in paragraphs 1 through 49, inclusive, as if fully set forth herein.

51.     Throughout the NYLL Period, Plaintiffs and the other members of the NYLL Class regularly worked and continue to work in excess of forty (40) hours per workweek.

52.     At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay Plaintiffs and the NYLL Class at one and one half times their hourly wage for all work in excess of forty (40) hours per workweek.

53.     At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the NYLL Class at the required overtime rate, one and a half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

54.     Due to Defendant's NYLL violations, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendant damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL Violations for Illegal Deductions from Gratuities)

55.     Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege each and every allegation in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56.     Plaintiff and the NYLL Class members were employed by Defendant within the meaning of NYLL §§ 2 and 651.

57.     N.Y. Lab. Law § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

58.     During the NYLL Period, Defendant unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiffs and the NYLL Class, in violation of NYLL § 196-d.

59.     Due to Defendant's NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL Uniform Requirement Violations)

60.     Plaintiffs, on behalf of themselves and the NYLL Class, hereby repeat and reallege each and every allegation in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.     During the NYLL Period, Defendant required Plaintiffs and the NYLL Class members to purchase their uniforms at their own expense in violation of New York Labor Law, including, but not limited to, New York State Hospitality Industry Wage Order § 146-1.8.

11

62.     Defendant required Plaintiffs and the NYLL Class members to clean and maintain their uniforms at their own expense in violation of the New York Labor Law, including, but not limited to, New York State Hospitality Industry Wage Order § 146-1.7.

63.     Defendant's failure to reimburse Plaintiffs and the NYLL Class for the costs of purchasing, cleaning and maintaining the uniforms was willful within the meaning of New York Labor Law § 663.

64.     Due to Defendant's New York Labor Law violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the cost of uniform purchase, together with the required uniform maintenance reimbursement, liquidated damages, as well as attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL Class, pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiffs as Representatives of the FLSA Collective;

C.      Designation of this action as a class action pursuant to F.R.C.P. 23;

D.      Designation of Plaintiffs as Representatives of the NYLL Class;

E.      Declaration of Defendant's conduct complained of herein to be in violation of the FLSA Collective's rights under the FLSA and its respective regulations;

F.      Declaration of Defendant's conduct complained of herein to be in violation of the

NYLL Class' rights under the NYLL and its respective regulations;

G.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant for unpaid overtime wages;

H.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant for all gratuities and "charges purported to be gratuities" unlawfully retained by Defendant;

I.     An award of damages, according to proof, including liquidated damages, for the cost of purchasing and maintaining uniforms;

J.     Penalties under applicable laws;

K.     Costs of action incurred herein, including expert fees;

L.     Attorneys fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

M.     Pre-judgment and post-judgment interest, as provided by law; and

N.     Such other and further legal and equitable relied as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 27, 2012
      New York, New York    Respectfully submitted,

                        THOMPSON WIGDOR LLP

                        By: _____
                            Douglas H. Wigdor
                            David E. Gottlieb
                            Tanvir H. Rahman

                        85 Fifth Avenue
                        New York, NY  10003
                        Telephone:  (212) 257-6800
                        Facsimile:  (212) 257-6845
                        dwigdor@thompsonwigdor.com
                        dgottlieb@thompsonwigdor.com
                        trahman@thompsonwigdor.com

                        *Counsel for Plaintiffs, the FLSA Collective*
                        *and the NYLL Class*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                                                        :
KEVIN HYDE, DANIEL CORDERO                              :
and KELLY HYDE, on behalf of themselves                 :
and all other similarly situated individuals,           :        Civil Action No.
                                                        :
                                                        :
                               Plaintiffs,              :        <u>NOTICE OF CONSENT</u>
          v.                                            :
                                                        :
NEW YORK INSTITUTE OF TECHNOLOGY                        :
                                                        :
                               Defendant.               :
                                                        :
-------------------------------------------------------X

I hereby consent to join as a party plaintiff in the above-captioned matter seeking

damages and other relief that may be appropriate against Defendant, New York Institute of

Technology, for their alleged violations of the Fair Labor Standards Act.  I understand that by

filing this Consent Form, I will be bound by the judgment of the Court on all issues in the case,

whether favorable to me or not.

Name:        Kevin Hyde

Address:     203-08 33rd Avenue, Bayside Queens NY 11361

Telephone:   718-631-0730

Email:       khyde88@gmail.com

Signature:   _Kevin Hyde_

Date:        June 25, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                      :

KEVIN HYDE, DANIEL CORDERO         :
and KELLY HYDE, on behalf of themselves  :
and all other similarly situated individuals,    :      Civil Action No.
                                        :

                    Plaintiffs,     :      **NOTICE OF CONSENT**
          v.                          :
                                        :

NEW YORK INSTITUTE OF TECHNOLOGY  :
                                        :

                  Defendant.    :
                                        :
-------------------------------------------------------------X

        I hereby consent to join as a party plaintiff in the above-captioned matter seeking damages and other relief that may be appropriate against Defendant, New York Institute of Technology, for their alleged violations of the Fair Labor Standards Act. I understand that by filing this Consent Form, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name:        Daniel Cordero

Address:     190-24 39th Avenue, Flushing, NY 11358

Telephone:  646.508.7910

Email:       dann.cordero@gmail.com

Signature:

Date:        June 25, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                         :

KEVIN HYDE, DANIEL CORDERO       :
and KELLY HYDE, on behalf of themselves  :
and all other similarly situated individuals,   :      Civil Action No.
                                         :
                 Plaintiffs,  :      __NOTICE OF CONSENT__
      v.                        :
                                       :
NEW YORK INSTITUTE OF TECHNOLOGY :
                                       :
               Defendant.  :
--------------------------------------------------------X

    I hereby consent to join as a party plaintiff in the above-captioned matter seeking damages and other relief that may be appropriate against Defendant New York Institute of Technology for their alleged violations of the Fair Labor Standards Act. I understand that by filing this Consent Form, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name:     Kelly Hyde

Address:    203-08 33rd Avenue, Bayside, NY 11361

Telephone:

Email:

Signature:  _Kelly Hyde_

Date:     June 23, 2012