UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------

DANIEL CORDERO, KELLY HYDE
and KEVIN HYDE, on behalf of themselves
and all other similarly situated individuals,

        Plaintiffs,

vs.

NEW YORK INSTITUTE OF
TECHNOLOGY

        Defendant.

---------------------------------------------

12-CV-3208 (SJF)(GRB)

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION IN THE COMPLAINT

Douglas P. Catalano
Neil G. Sparber
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3000
dcatalano@fulbright.com
nsparber@fulbright.com

Attorneys for Defendant
New York Institute of Technology

## TABLE OF CONTENTS

                                                                                                              **Page**

STATEMENT OF FACTS RELEVANT TO MOTION ................................................................. 1

ARGUMENT .................................................................................................................................. 3

    POINT I PLAINTIFFS' THIRD CAUSE OF ACTION CONCERNING THE SERVICE CHARGE SHOULD BE DISMISSED BECAUSE NYIT IS EXEMPT FROM APPLICABLE DEPARTMENT OF LABOR REGULATIONS ................................................................................................ 4

    POINT II PLAINTIFFS' FOURTH CAUSE OF ACTION CONCERNING UNIFORM MAINTENANCE PAY SHOULD BE DISMISSED ........................ 6

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ............................................................................................. 3

Ayres v. 127 Rest. Corp.,
  12 F. Supp. 2d 305 (S.D.N.Y. 1988) .................................................................... 8

Bd. of Managers of the 195 Hudson Street Condo. v. Jeffrey M. Brown Assocs., Inc.,
  652 F.Supp.2d 463 (S.D.N.Y. 2009) .................................................................... 8

Bigio v. Coca-Cola Co.,
  675 F.3d 163 (2d Cir. 2012) ................................................................................. 3

Chan v. Triple 8 Palace, Inc.,
  2006 WL 851749 (S.D.N.Y. Mar. 30, 2006) ........................................................ 7

Copantitla v. Fiskardo Estiatorio, Inc.,
  788 F. Supp. 2d 253 (S.D.N.Y. 2011) ............................................................. 4, 6

Frith v. Hill,
  2009 WL 3073716 (S.D.N.Y. Sept. 23, 2009) ...................................................... 8

Hai Ming Lu v. Jing Fong Rest., Inc.,
  503 F. Supp. 2d 706 (S.D.N.Y. 2007) .................................................................. 8

Kramer v. Time Warner Inc.,
  937 F.2d 767 (2d Cir. 1991) ................................................................................. 8

Pani v. Empire Blue Cross Blue Shield,
  152 F.3d 67 (2d Cir. 1998) ................................................................................... 8

Samiento v. World Yacht Club,
  10 N.Y.3d 70, 854 N.Y.S.2d 83 (2008) ........................................................... 4, 6

Ting Yao Lin v. Hayashi Ya II, Inc.,
  2009 WL 289653 (S.D.N.Y. Jan. 30, 2009) ......................................................... 8

**RULES AND STATUTES**

26 U.S.C. § 501(c)(3) ........................................................................................................ 1

New York Labor Law Section 196-d ........................................................................ 2, 3, 4, 5, 6

**OTHER AUTHORITIES**

22 N.Y.C.R.R. Title 12, Part 137 .................................................................................................. 5, 7, 8

22 N.Y.C.R.R. Title 12, Part 138 .................................................................................................. 5, 7

22 N.Y.C.R.R. Title 12, Part 142-3.5(c) ....................................................................................... 7, 8

22 N.Y.C.R.R. Title 12, Part 146 .......................................................................................... 3, 4, 5, 7, 8

This memorandum of law is submitted on behalf of defendant New York Institute of Technology in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the third and fourth causes of action in the complaint on the ground that they fail to state a claim upon which relief can be granted.

## STATEMENT OF FACTS RELEVANT TO MOTION[1]

New York Institute of Technology is a private not-for-profit educational organization (Compl. ¶ 5) offering a total of 90 undergraduate degree, graduate degree programs, and medical degree programs to 14,000 students in academic areas such as architecture and design; arts and sciences; education; engineering and computing sciences; health professions; management; and osteopathic medicine. NYIT was formed exclusively for educational purposes and, therefore, qualifies for tax exemption pursuant to Internal Revenue Code 501(c)(3).[2] (See Exhibits A and B to the Affidavit of Samantha Beltre). NYIT operates the de Seversky conference center (the "de Seversky Mansion"), a conference and dining facility located on NYIT's campus in Old Westbury, New York.

The named plaintiffs in this action are: (i) Daniel Cordero, alleged to be a former waiter and captain at NYIT's de Seversky Mansion employed from approximately October 2009 to December 2011 (Compl. ¶ 6); (ii) Kelly Hyde, alleged to be currently employed as a waitress at NYIT's de Seversky Mansion from approximately June 2008 to the present (Compl. ¶ 7); and (iii) Kevin Hyde, alleged to be a former waiter and bartender employed at NYIT's de Seversky

---

[1] The first cause of action in the complaint alleges that NYIT violated the Fair Labor Standards Act by purportedly failing to pay overtime compensation to plaintiffs. Similarly, the second cause of action in the complaint alleges that NYIT violated the New York Labor Law by purportedly failing to pay overtime compensation to plaintiffs. While NYIT denies these allegations, NYIT is not moving to dismiss those causes of actions at this time and, as a result, the factual allegations concerning alleged overtime requirements have not been recited herein.

[2] The Internal Revenue Code, at 26 U.S.C. § 501(c)(3), provides that certain entities are exempt from taxation under that subtitle. 26 U.S.C. § 501 sets forth the list of exempt organizations which include "[c]orporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes . . ." 29 U.S.C. § 501(c)(3).

Mansion from approximately July 2007 through September 2011. (Compl. ¶ 8). The complaint purports to be commenced on behalf of servers, bartenders and/or captains for events held at NYIT's de Seversky Mansion. (Compl. ¶ 9).

Plaintiffs allege, upon information and belief, that banquets and pre-planned parties accounted for a significant portion of NYIT de Seversky's revenues and that NYIT purportedly regularly charged customers a service fee of approximately 18-20% of the bill in connection with those events (the "Service Charge"). (Compl. ¶ 26-27). The complaint alleges that NYIT allowed the reasonable customer to believe that the Service Charge was a gratuity by calling it a "Service Charge," allegedly representing to customers that the Service Charge was a gratuity, and failing to inform customers that the Service Charge was not a gratuity. (Compl. ¶¶ 28-30). Plaintiffs, in their third cause of action, allege that NYIT knowingly violated N.Y. Labor Law 196-d by retaining all or a portion of the monies collected pursuant to the Service Charge and, as a result, allegedly unlawfully retained gratuities and charges purported to be gratuities which the service employees allegedly earned. (Compl. ¶ 31-33).

The complaint also alleges that during their employment by NYIT at the de Seversky Mansion, plaintiffs have been required to wear a "uniform" consisting of a three-button black tuxedo suit jacket, a ruffled white shirt with a wing tip collar, striped black tuxedo pants, a black vest, and either a black bow tie or a burgundy necktie, which could not be worn as part of the plaintiffs' ordinary wardrobe. (Compl. ¶ 34). The "uniform" allegedly required dry cleaning and/or other special treatment and could not be cleaned with plaintiffs' ordinary clothing. (Compl. ¶ 39). The complaint alleges that plaintiffs were required to purchase the uniforms, which style was determined by NYIT and that plaintiffs were responsible for washing and maintain the uniforms. (Compl. ¶¶ 36-37). Plaintiffs allegedly were not reimbursed for either the

purchase or maintenance of their uniforms. (Compl. ¶¶ 38, 41). Plaintiffs, in their fourth cause of action, allege that these foregoing acts were willful violations of the New York Labor Law, specifically the New York State Hospitality Industry Wage Order § 146-1.7 and 146-1.8.

As set forth below, NYIT is a not-for-profit 501(c)(3) organization organized exclusively for educational purposes. Plaintiffs' third cause of action should be dismissed, therefore, because NYIT cannot be liable for purported violations of Section 196-d pursuant to the regulations issued by the New York State Department of Labor. Plaintiffs' fourth cause of action concerning uniform purchase and maintenance pay fails to state a claim pursuant to New York State Hospitality Industry Wage Order § 146-1.7 and 146-1.8 inasmuch as NYIT is exempt from coverage of that wage order, and the complaint does not contain any factual allegations that uniform-related expenses caused plaintiffs' wages to fall below the minimum wage to establish a violation of any other wage order governing uniform maintenance pay.

## ARGUMENT

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bigio v. Coca-Cola Co., 675 F.3d 163, 173 (2d Cir. 2012). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). As set forth below, plaintiffs cannot survive NYIT's motion to dismiss the plaintiffs' claims relating to purported gratuities and uniform maintenance pay because NYIT is exempt from the Hospitality Wage Order promulgated by the New York State Department of Labor from which plaintiffs' claims arise and, as a result, the complaint fails to state a plausible claim to relief.

## POINT I

### PLAINTIFFS' THIRD CAUSE OF ACTION CONCERNING THE SERVICE CHARGE SHOULD BE DISMISSED BECAUSE NYIT IS EXEMPT FROM APPLICABLE DEPARTMENT OF LABOR REGULATIONS

New York Labor Law Section 196-d provides in relevant part:

> Gratuities. No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee . . . .

In Samiento v. World Yacht Club, 10 N.Y.3d 70, 854 N.Y.S.2d 83 (2008), the New York Court of Appeals interpreted the language of Section 196-d and held that a "gratuity" or a "charge purported to be a gratuity" under that statute "can include mandatory [service] charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees." Id. at 81. However, effective January 1, 2011, the New York State Department of Labor issued a new minimum wage order at 22 N.Y.C.R.R. Title 12, Part 146 entitled "Hospitality Wage Order," which for the first time made gratuities governed by Section 196-d subject to regulations. The regulations were intended to "flesh[] out the law" concerning tip appropriation by employers and their agents[3] and specifically interpreted Section 196-d's applicability to service charges. See Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 286 (S.D.N.Y. 2011).

Part 146-2.18 and Part 146-2.19 of the Hospitality Wage Order expressly interpret Section 196-d of the Labor Law with respect to Service Charges at issue in plaintiffs' third cause of action. Part 146-2.18, entitled "Charge purported to be a gratuity or tip," begins by explaining that "Section 196-d prohibits employers from demanding, accepting, or retaining, either directly

---

[3] http://www.labor.ny.gov/legal/laws/pdf/hospitality-wage-order/summary-of-hospitality-wage-order.pdf, at page 2.

or indirectly, any part of an employee's gratuity or a charge purported to be a gratuity." 22 N.Y.C.R.R. Title 12, Part 146-2.18. Part 146-2.18 continues and imposes specific requirements with respect to compliance with Section 196-d, which include recordkeeping requirements and imposing a "rebuttable presumption" that any charge for "service" is a "charge purported to be a gratuity." 22 N.Y.C.R.R. Title 12, Part 146-2.18(a)-(c). Part 146-2.19 entitled "Administrative charge not purported to be a gratuity or tip" also interprets an employer's obligations under Section 196-d and sets forth, among other things, that the administrative charge must be clearly identified and that customers must be notified that the charge is not a gratuity. Part 146-2.19 also sets forth the criteria for adequate notification to customers of the charge. 22 N.Y.C.R.R. Title 12, Part 146.2-19.

Significantly, the Hospitality Wage Order only applies to employers in the "hospitality industry," which includes restaurants and hotels as defined therein. See Part 146-3.1. Part 146-3.1(d)(2) expressly excludes from the definition of "hospitality industry":

> Establishments where the service of food or service or the provision of lodging is offered by any corporation, unincorporated association, community chest, fund, or foundation, <u>organized exclusively for religious, charitable, or educational purposes</u>, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

22. N.Y.C.R.R. Title 12, Part 146-3.1(d)(2) (emphasis added). The language of this exclusion is nearly identical to the definition of an organization exempt from taxation set forth in 26 U.S.C. 501(c)(3). (See footnote 2 above). An excluded establishment, pursuant to Part 146-3.1(d)(2), is not subject to the provisions of Part 146, the Hospitality Wage Order, including Parts 146-2.18 and 146-2.19, which interpret Section 196-d as related to service charges. Notably, organizations organized exclusively for religious, charitable, or educational purposes were excluded from coverage in prior wage orders covering the restaurant and hotel industry. See 22

N.Y.C.R.R. Title 12, Part 137-3.1(c)(3) and Part 138-4.1(b)(3). Thus, the special treatment afforded to not-for-profit organizations pursuant to the New York State Department of Labor is historical and intentional.

The New York State Department of Labor's interpretation of a statute, with which it is charged with enforcing is entitled to deference. Samiento v. World Yacht Club; 10 N.Y.3d 70, 79, 854 N.Y.S.2d 83 (2008). "The construction given statutes and regulations by the agency responsible for their administration, 'if not irrational or unreasonable,' should be upheld." Samiento, 10 N.Y.3d at 79 (citations omitted) (deference given to New York State Department of Labor's interpretation of Section 196-d); Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 286 (S.D.N.Y. 2011) (same) (deference given to New York State Department of Labor's interpretation of Section 196-d). Thus, the New York State Department of Labor has expressly excluded not-for-profit educational organizations from the Hospitality Wage Order and, as a result, from Section 196-d's provisions concerning service charges and gratuities. Therefore, because NYIT, a corporation organized exclusively for educational purposes, is excluded from the Hospitality Wage Order's application, plaintiffs' third cause of action should be dismissed.

## POINT II

### PLAINTIFFS' FOURTH CAUSE OF ACTION CONCERNING UNIFORM MAINTENANCE PAY SHOULD BE DISMISSED

Plaintiffs' allegations that NYIT failed to pay plaintiffs properly for the purchase, cleaning, and maintenance of required uniforms[4] pursuant to New York Labor Law should similarly be dismissed. Plaintiffs seek to hold NYIT liable pursuant to the Hospitality Wage Order, specifically Part 146-1.7 (Uniform Maintenance Pay) and Part 146-1.8 (Cost of

---

[4] NYIT assumes, for purposes of this motion only, that plaintiffs have sufficiently alleged "required uniforms" for which they seek payment. However, NYIT does not concede that the attire required to be worn by plaintiffs are "required uniforms" as that term is defined in various minimum wage orders, including Part 146-3.10.

purchasing required uniforms). (Compl. ¶ 11-12). These provisions applicable to the hospitality industry, as defined in Part 146-3.1, are a departure from other minimum wage orders covering employees in other industries, as well as the prior Minimum Wage Orders covering the restaurant and hotel industry in Parts 137 (restaurant) and 138 (hotels) (repealed in January 2011 as a result of the enactment of Part 146) inasmuch as Parts 146-1.7 and 146-1.8 require uniform maintenance payments "regardless of an employee's regular rate of pay."

In contrast, for example, the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, including the general provisions for Nonprofitmaking Institutions, covers uniform maintenance pay and provides in part:

> No allowance for the supply, maintenance, or laundering of required uniforms shall be permitted as part of the minimum wage. Where an employee purchases a required uniform he shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages. Where the employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage prescribed herein.

22 N.Y.C.R.R. Title 12, Part 142-3.5(c). Courts have interpreted this language to mean that employers are only required to reimburse their employees for the cost of purchasing, laundering, and/or maintaining their uniforms if such expenditures would reduce the employees' wages to below minimum wage.[5] See Chan v. Triple 8 Palace, Inc., 2006 WL 851749, at *22, n.39 (S.D.N.Y. Mar. 30, 2006) (holding that "[t]he law's plain language provides that employers who fail to maintain and launder employees' uniforms need only pay an additional amount above the 'minimum' wage to cover uniform-related costs" and, as a result, denying summary judgment to plaintiffs explaining that "[t]he provision only applies 'if the employees' expenditures for

---

[5] These decisions interpreted the identical language contained in the prior wage orders at Parts 137 (restaurant) and Part 138 (hotels), see 22 N.Y.C.R.R. 137-1.8, 22 N.Y.C.R.R. 138-2.5(c), which have been repealed and replaced with Part 146 as noted above.

50530503.4 -7-

[uniform-maintenance] purposes would reduce their wages to below minimum wage") (quoting Ayres v. 127 Rest. Corp., 12 F. Supp. 2d 305, 310 (S.D.N.Y. 1988) (citing Part 137-1.7 and noting that New York law requires reimbursement for purchase and maintenance of uniforms only where the employees' expenditures reduce their wages to below minimum wage); Ting Yao Lin v. Hayashi Ya II, Inc., No. 08 Civ. 6071(SAS)(AJP), 2009 WL 289653, at *6 (S.D.N.Y. Jan. 30, 2009); Hai Ming Lu v. Jing Fong Rest., Inc., 503 F. Supp. 2d 706, 712 (S.D.N.Y. 2007) (summary judgment for defendants on plaintiffs' claim for payment of cost of uniform maintenance because "plaintiffs offered no proof that its employees' cleaning costs reduced their wages to below minimum wage.").

To the extent that plaintiffs allege that NYIT is liable pursuant to the Hospitality Wage Order, Parts 146-1.7 and 146-1.8, for uniform purchase and maintenance pay, plaintiffs' claim must be dismissed because NYIT, as a not-for-profit educational organization, is expressly exempt from the Hospitality Wage Order as set forth in Part 146-3.1(d)(2) and as described above.[6] Moreover, to the extent NYIT may be subject to the uniform maintenance provisions contained in the Minimum Wage Order at 22 N.YC.R.R. Title 12, Part 142-3.5(c) set forth above, there are no allegations in the complaint that the costs of purchasing, laundering, or maintaining alleged required uniforms caused any of the plaintiffs' wages to fall below the

---

[6] This Court may properly take judicial notice of the IRS Determination Letter issued to NYIT confirming its 501(c)(3) tax exempt status, annexed as Exhibit A to the Beltre Affidavit, and the Charters issued to NYIT, annexed as Exhibit B to the Beltre Affidavit, on NYIT's motion to dismiss pursuant to FRCP 12(b)(6). Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) (court may consider matters of public record in deciding a 12(b)(6) motion); Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (district court may examine public disclosure documents on 12(b)(6) motion); Bd. of Managers of the 195 Hudson Street Condo. v. Jeffrey M. Brown Assocs., Inc., 652 F. Supp. 2d 463, 471 (S.D.N.Y. 2009) (finding the court "may properly rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including the public record . . ."); Frith v. Hill, 2009 WL 3073716, at *16 n.10 (S.D.N.Y. Sept. 23, 2009) (noting that on a Rule 12(b)(6) motion, a court may consider any material that is "a proper subject of judicial notice . . . including "orders of administrative agencies issued pursuant to their delegated authority") (internal quotation marks omitted) (collecting cases).

minimum wage. As a result, the complaint fails to contain any factual allegations in support of plaintiffs' fourth cause of action.

## CONCLUSION

For the foregoing reasons, defendant NYIT respectfully submits that plaintiffs' third cause of action and fourth cause of action in the complaint should be dismissed, with prejudice.

Dated: September 5, 2012  
       New York, New York

FULBRIGHT & JAWORSKI L.L.P.

By: _Douglas P. Catalano_ (NS)

Douglas P. Catalano  
Neil G. Sparber  
Fulbright & Jaworski L.L.P.  
666 Fifth Avenue, 31st Floor  
New York, New York 10103  
Telephone: (212) 318-3000  
Facsimile: (212) 318-3400

Attorneys for Defendant  
New York Institute of Technology