**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
                                  :

DANIEL CORDERO, KELLY HYDE       :
and KEVIN HYDE, on behalf of themselves  :
and all other similarly situated individuals,  :         Index No.: 12-CV-3208 (SJF)
                                  :
                     Plaintiffs,   :
          v.                       :
                                  :
NEW YORK INSTITUTE OF TECHNOLOGY,  :
                                  :
                   Defendant.   :
                                  :
-----------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

THOMPSON WIGDOR LLP

85 Fifth Avenue
New York, NY 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................ii

PRELIMINARY STATEMENT .............................................................................1

STATEMENT OF FACTS .....................................................................................1

LEGAL STANDARD .............................................................................................3

ARGUMENT...........................................................................................................3

    I.    The Hospitality Industry Wage Order Does Not Exempt Defendants From
        Compliance With the Section 196-d................................................................3

        A.  Section 196-d Expressly Covers Non-Profit Corporations......................3

        B.  The Hospitality Industry Wage Order Does Not State That Non-Profit
            Corporations Are Exempt From Section 196-d.....................................5

        C.  Legislatively Passed Statutes Are Not Subordinate to Administrative
            Regulations .............................................................................................7

    II.   Defendant Cannot Establish That It Is Not A "Hospitality Industry"
        Employer As A Matter of Law ....................................................................10

CONCLUSION .....................................................................................................13

## TABLE OF AUTHORITIES

**CASES**

*Abortion Rights Mobilization, Inc. v. Regan,*
  544 F. Supp. 471 (S.D.N.Y. 1982).................................................................................11

*Citizens for an Orderly Energy Policy, Inc. v. Cuomo,*
  78 N.Y.2d 398 (1991) .........................................................................................................7

*Dalton Farms Associates v. Baker,*
  704 F. Supp. 460 (S.D.N.Y. 1989)..................................................................................11

*Doo Nam Yang v. ACBL Corp.,*
  427 F. Supp. 2d 327 (S.D.N.Y. 2005)..............................................................................9

*F.R. v. Bd. of Educ.,*
  67 F. Supp. 2d 142 (E.D.N.Y. 1999) ................................................................................3

*Fulani v. League of Women Voters Education Fund,*
  882 F.2d 621 (2d Cir. 1989).............................................................................................11

*Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,*
  128 F.3d 59 (2d Cir.1997)...................................................................................................3

*Leonard F. v. Israel Disc. Bank of New York,*
  199 F.3d 99 (2d Cir. 1999)...............................................................................................12

*McKenney v. Nat'l Rural Letter Carriers Ass'n,*
  07-CV-584A (RJA), 2009 WL 902506 (W.D.N.Y. 2009)...............................................12

*Med. Soc'y of State v. Serio,*
  100 N.Y.2d 854 (2003) .......................................................................................................8

*Samiento v. World Yacht Club,*
  854 N.Y.S.2d 83 (2008) .................................................................................................4, 9

*Servido v. Superintendent of Ins.,*
  53 N.Y.2d 1041 (1981) .......................................................................................................8

*The Association of the Bar of the City of New York v. Commissioner of Internal Revenue,*
  858 F.2d 876 (2d Cir. 1988)............................................................................................11

*Tom Rice Buick-Pontiac v. Gen. Motors Corp.,*
  551 F.3d 149 (2d Cir. 2008).............................................................................................9

*Tomney v. Int'l Ctr. for the Disabled*,
  02 CIV. 2461 (DC), 2003 WL 1990532 (S.D.N.Y. 2003) .................................................12

*Toys "R" Us v. Silva*,
  89 N.Y.2d 411 (1996) ...............................................................................................9

## STATUTES AND RULES

12 NY Comp. Codes R. & Regs. 146 ..............................................................................*passim*

26 U.S.C. § 7428 .....................................................................................................11

FRCP 12(b)(6) ..........................................................................................................3

NY Const, art III, § 1 ..................................................................................................8

NYLL § 10..............................................................................................................7

NYLL § 190(3) .........................................................................................................4

NYLL § 191(a)(i) ......................................................................................................8

NYLL § 192..............................................................................................................9

NYLL § 196-d ..........................................................................................................*passim*

Plaintiffs Daniel Cordero, Kelly Hyde and Kevin Hyde (together, "Plaintiffs") submit this Memorandum of Law in Opposition to Defendant New York Institute of Technology's ("Defendant" or "NYIT") motion to dismiss Plaintiffs' third and fourth causes of action.

## PRELIMINARY STATEMENT

Defendant somehow believes that non-profit educational organizations are permitted to violate Section 196-d of the New York Labor Law ("NYLL") and retain gratuities intended for service employees. This is despite the clear and express language of the NYLL, which prohibits *all employers* from engaging in such practices. Defendant's argument flies in the face of basic common sense. The basis of Defendant's position rests on the New York State Department of Labor's ("DOL") Hospitality Wage Order, ("Hospitality Industry Wage Order"), 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") 146, dated January 1, 2011, which imposed *heightened requirements* regarding "charges purported to be a gratuity" to employers *in the hospitality industry*. Defendant, however, does not merely claim that it is not a "hospitality industry" employer and therefore not subject to the *heightened requirements* of the Hospitality Industry Wage Order. Rather, Defendant takes the illogical and unfounded position that it is not a "hospitality industry" employer, and therefore *not obligated to comply with Section 196-d at all*. There is no legal authority – statutory language, case law, secondary source, or otherwise – to support this untenable position. As such, Defendant's motion should be denied.

## STATEMENT OF FACTS

Plaintiffs are current and former service employees of the NYIT de Seversky Mansion, self-described as one of the premier event and wedding venues in the New York Metropolitan area. Compl. ¶¶ 6-8. NYIT, which holds itself out as a domestic non-profit corporation, operates de Seversky Mansion. Def. Mem. at 1. Banquets, benefits and pre-planned parties

account for a significant portion of de Seversky Mansion's revenues. Compl. ¶ 26. Although the
de Seversky Mansion is associated with NYIT, according to the de Seversky Mansion's website,
only "[a] portion of the mansion's proceeds benefits NYIT and its students." Gottlieb Decl. at
Ex. 1.

      The de Seversky Mansion charges customers a "Service Charge" in connection with the
events it hosts of approximately 18-20% of the customer's bill. Compl. ¶ 7. This "Service
Charge" is represented to customers as a gratuity to the de Seversky Mansion's service
employees. Id. at ¶ 28. As a result of the mandatory service charge and other measures,
customers and their guests are routinely discouraged from giving tips to the de Seversky
Mansion's service employees. Id. at ¶ 29. However, the de Seversky Mansion retains the
"Service Charges" collected rather than distributing them to the service employees. Id. at ¶¶ 32-
33. This practice severely impacts the compensation provided to the de Seversky Mansion's
service employees.  This is the basis for Plaintiffs' third cause of action.

      As employees of the de Seversky Mansion, Plaintiffs have also been required to purchase
and wear a specific uniform while working, which cannot be worn as part of Plaintiffs' ordinary
wardrobe. Id. at ¶¶ 35, 36. Plaintiffs are not reimbursed for the cost of purchasing or the cost of
cleaning and maintaining these required uniforms. Id. at ¶¶ 38, 41. This is the basis for the
Plaintiffs' fourth cause of action.

      Plaintiff commenced this action against Defendant on June 27, 2012, seeking redress for
Defendant's unlawful wage practices. On or about September 5, 2012, Defendant filed the
instant motion to dismiss Plaintiff's third and fourth causes of action. Despite acknowledging
that Section 196-d applies to *all employers*, Defendant's motion argues that NYIT may retain

gratuities intended for service employees because it is not a "hospitality industry" employer as defined under the Hospitality Industry Wage Order.

## LEGAL STANDARD

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the third and fourth causes of actions in the Complaint.  When considering a motion to dismiss, the court must accept as true all factual allegations in the complaint.  All reasonable inferences must be drawn in favor of the non-moving party.  *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 63 (2d Cir.1997); *F.R. v. Bd. of Educ.*, 67 F. Supp. 2d 142, 145 (E.D.N.Y. 1999).

## ARGUMENT

### I.   THE HOSPITALITY INDUSTRY WAGE ORDER DOES NOT EXEMPT DEFENDANT FROM COMPLIANCE WITH THE SECTION 196-d

Defendant is not exempt from the requirements of Section 196-d of the NYLL (the law under which Plaintiffs' third cause of action arises) because the law expressly covers non-profit corporations.  Defendant claims that a DOL regulation, which it admits does not even address non-profit corporations, somehow exempts it from the requirements of Section 196-d.  The manner in which this conclusion is reached is puzzling, to say the least.  Quite simply, the argument demonstrates a complete disregard for basic legal principles.

#### A.  Section 196-d Expressly Covers Non-Profit Corporations

New York Labor Law §196-d explicitly states:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

An "employer" is defined by the NYLL as including "any person, corporation, limited liability, or association employing any individual in any occupation, industry, trade, business or service,"

3

with the exception of government agencies.  NYLL § 190(3).  Defendant is a corporation as

defined, and Plaintiffs are Defendant's service employees.  Compl. ¶¶ 6-8.  As such, Defendant

qualifies as an "employer" under the New York Labor Law and Section 196-d.  Defendant does

not argue that it is not an "employer" as defined under the Labor Law, generally, or Section 196-

d, specifically.  Thus, Defendant is required to comply with Section 196-d.  Nothing could be

simpler.  No further inquiry is necessary.

     In 2008, the New York Court of Appeals held in *Samiento v. World Yacht Club*, 854

N.Y.S.2d 83, 89 (2008), that a "charge purported to be a gratuity" under Section 196-d "can

include mandatory charges when it is shown that employers represented or allowed their

customers to believe that the charges were in fact gratuities for their employees."  Thus, where

an employer charges customers a fee which it allows them to believe to be a gratuity, such a

charge may be considered a "charge purported to be a gratuity" under Section 196-d.  There is no

language in *World Yacht*, or any other case, which interprets Section 196-d to limit its

application to hospitality industry employers or that excludes non-profit corporations.  Although

it is indisputable that Section 196-d remains the law, and *World Yacht* remains controlling

precedent, Defendant appears to argue that these authorities are both nullified and displaced as to

non-profit corporations by an administrative regulation -- the Hospitality Industry Wage Order.

Def. Mem. at 3.

4

### B.  The Hospitality Industry Wage Order Does Not State That Non-Profit Corporations Are Exempt From Section 196-d

The Hospitality Industry Wage Order *does not* state in any manner (nor could it) that

Section 196-d – or any other provision of the NYLL – does not apply to non-profit corporations.[1]

Rather, the Hospitality Industry Wage Order simply provides guidance *to employers in the*

*hospitality industry* regarding compliance with numerous aspects of the NYLL, including, but

not limited to, minimum wage, tip credits, tip sharing and pooling, spread-of-hours pay, uniform

maintenance pay, meal and lodging credits, and charges purported to be a gratuity.

As to Section 196-d, the Hospitality Industry Wage Order provides heightened

requirements for *employers in the hospitality industry* in dealing with a "[c]harge purported to be

a gratuity or tip."  Specifically, the Order provides that *in the hospitality industry*:

> (a) charges purported to be a gratuity must be distributed in full to the service employees or food service workers who provided the service;
>
> (b) there is a rebuttable presumption that any charge in addition to charges for food and other items is a charge purported to be a gratuity;
>
> (c) employers must establish, maintain and preserve records related to such charges for six years; and
>
> (d) that such records must be made available for review by participants in tip sharing or tip pooling systems.

NYCRR 146-2.18.  The Hospitality Industry Wage Order also defines the scope of employers

covered by it:

> [t]he hospitality industry excludes . . . establishments where the service of food or beverage or the provision of lodging is offered by any corporation, unincorporated association, community chest,

---

[1]      As stated below, *infra* at Section I(C), even if the Hospitality Industry Wage Order did purport to exclude non-profit corporations from Section 196-d, such a regulation would be unenforceable as contrary to law.

> fund or foundation organized exclusively for religious, charitable
> or educational purposes, no part of the net earning of which inures
> to the benefit of any private shareholder or individual.

NYCRR 146-3.1(d)(2).

Thus, to the extent an employer falls under this exclusion, the employer is not a

"hospitality industry" employer, and the *heightened requirements* and evidentiary burdens set

forth in the Hospitality Industry Wage Order regarding "charges purported to be a gratuity" may

be inapplicable. For instance, an excluded employer would not necessarily be subjected to the

"presumption" that any charge in addition to charges for food and other enumerated items is a

charge purported to be a gratuity. NYCRR 146-2.18(b). However, exclusion from the

*heightened requirements* of the Hospitality Industry Wage Order does not mean exclusion from

the NYLL or Section 196-d. The Hospitality Industry Wage Order does not (nor could it)

undercut Section 196-d as enacted by the New York State Legislature, or the New York Court of

Appeals' decision in *World Yacht*. Such an argument – Defendant's argument – simply makes

no sense.

Indeed, Defendant summarizes its argument as follows: "the New York State Department

of Labor has expressly excluded not-for-profit educational organizations from the Hospitality

Wage Order and, as a result, from Section 196-d's provisions concerning service charges and

gratuities." Def. Mem. at 6. The logical gap in this argument is glaring. Obviously, the mere

fact that the Hospitality Industry Wage Order applies only to a subset of employers does not

mean that the provisions of the NYLL becomes a nullity as to all other employers.

Taking Defendants' argument to its logical conclusion highlights its absurdity even

further. As stated above, the Hospitality Industry Wage Order covers a wide variety of Labor

Law provisions. For instance, it provides that the basic minimum hourly rate of pay for

hospitality industry employees is $7.25 per hour and that such employees who work more than 40 hours in a week are entitled to premium overtime compensation of one-and-one-half time the regular hourly rate.  NYCRR 146-1.2; 146-1.4.  However, if Defendant's argument were correct non-profit corporations are exempt from the requirements of the Hospitality Industry Wage Order, then non-profit corporations would not be required to pay minimum wage or overtime wages to its employees.  Obviously this is incorrect.

Defendant may argue that this is not the logical conclusion because other DOL wage orders address the minimum wage requirements of non-profit corporations.  However, Defendants' obligation to comply with minimum wage and overtime laws arises from the law itself, not merely from the DOL's wage orders.  If, for instance, there was no prior wage order for non-profit corporations, Defendant's argument would necessarily mean that non-profit corporations would be entirely exempt from all minimum wage and overtime laws, by virtue of the Hospitality Industry Wage Order.  If that were the case, the laws of the State of New York, passed by elected officials, would be completely subordinate to DOL regulations.

The Hospitality Industry Wage Order gave a specific class of employees - restaurant and hospitality industry employers - *greater* wage protections under the NYLL.  It strains credulity to infer that, merely because the DOL wished to provide greater Section 196-d protections to one group of employees, it simultaneously foreclosed another class of employees from any recourse when their employers steal their tips.

### C. Legislatively Passed Statutes Are Not Subordinate to Administrative Regulations

The DOL is merely an administrative agency, not a law-making body.  *See* NYLL § 10. The government of the State of New York, similar to the Federal government, employs a "separation of powers" whereby checks-and-balances exist between the executive, legislative,

7

and judicial branches. *See Citizens for an Orderly Energy Policy, Inc. v. Cuomo*, 78 N.Y.2d 398,

410 (1991). The legislative power of this state is vested in the Senate and Assembly ("the

Legislature"). *See* NY Const, art III, § 1. As the New York Court of Appeals has held,

> [w]hile the Legislature may endow administrative agencies with
> the power to adopt regulations **to implement a legislative**
> **mandate**, the legislative branch, even through a broad grant of
> regulatory power, may not constitutionally cede its fundamental
> policymaking responsibility to a regulatory agency, which remains
> at all times with the legislature.

*Med. Soc'y of State v. Serio*, 100 N.Y.2d 854, 864-65 (2003) (emphasis added). Thus, even to

the extent the DOL is empowered to interpret the NYLL, it can only do so to the extent it is

implementing a legislative mandate.

Defendant has not indicated *any* legislative mandate purporting to show that non-profit

corporations should be relieved of compliance with Section 196-d. Defendant cannot point to

any showing that the Legislature intended to allow non-profit corporations to keep tips intended

for its employees. To the contrary, the *express* text of the NYLL shows that non-profit

employers were intended to be covered. *See, e.g., Servido v. Superintendent of Ins.*, 53 N.Y.2d

1041 (1981), *rev'g on dissenting op* 77 A.D.2d 70, 76-86 (1st Dept 1980) (*dissenting opinion*

*adopted by Court of Appeals in* 53 N.Y.2d 1041) (regulation which excluded from coverage

uninsured family members, a class of persons not enumerated in Insurance Law §5103(b), was

held an improper exercise of Superintendent's regulatory power).

Notably, the Legislature *did* exercise its authority to exclude certain categories of

employers from *other* sections of Article 6 of the NYLL, including specifically excluding non-

profitmaking organizations from the requirements of Section 191(a)(i). *See* NYLL §191(a)(i)

("A manual worker shall be paid weekly and not later than seven calendar days after the end

of the week in which the wages are earned; provided however that a manual worker employed …

8

by a **non-profitmaking organization** shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.) (emphasis added).[2] Thus, while the Legislature *did* exclude non-profit corporations and other categories of employers from some sections of the NYLL, it *did not* exclude non-profit corporations from Section 196-d. Clearly, the legislative mandate regarding Section 196-d was to cover all employers.

Consequently, even if the Hospitality Industry Wage Order did expressly exempt non-profit corporations from the requirements of Section 196-d – which it did not – such a regulation would contradict the law and be entitled to no deference. The question of whether Section 196-d applies to non-profit corporations is one of "pure legal interpretation of statutory terms," thus not requiring any deference to a governmental agency administering the statute. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339 (S.D.N.Y. 2005) (citing to *Toys "R" Us v. Silva,* 89 N.Y.2d 411, 419 (1996)). "When presented with a question of statutory interpretation, [the court's] primary consideration is [to] ascertain and give effect to the *intention* of the Legislature." *World Yacht,* 10 N.Y.3d at 77-78. "The clearest indicator of legislative intent is the statutory text, [and] the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof." *Tom Rice Buick-Pontiac v. Gen. Motors Corp.*, 551 F.3d 149, 154-155 (2d Cir. 2008) (citation omitted)*; World Yacht,* 10 N.Y.3d at 78 ("where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning"). A plain reading of the NYLL and Section 196-d makes clear that all employers – including non-profit corporations – are covered.

---

[2]     As another example, NYLL § 192 prohibits an employer from directly paying or depositing an employee's wages or salary in a bank without the written consent of the employee, with the express exception of "any person employed in a bona fide executive, administrative or professional capacity" and "employees working on a farm not connected with a factory."

9

Accordingly, Defendant's motion to dismiss Plaintiffs' third cause of action should be denied.

## II.    DEFENDANT CANNOT ESTABLISH THAT IT IS NOT A "HOSPITALITY INDUSTRY" EMPLOYER AS A MATTER OF LAW

Defendant also cannot, *as a matter of law*, establish that it is not a "hospitality industry" employer bound to the dictates of the Hospitality Industry Wage Order.  As such, Defendant is not entitled to dismissal of Plaintiffs' third causes of action for unlawful tip retention or fourth cause of action for uniform purchase, maintenance and cleaning.  As stated above, under the Hospitality Industry Wage Order, the "hospitality industry" excludes:

> establishments where the service of food or beverage or the provision of lodging by any corporation, unincorporated association, community chest, fund or foundation organized **exclusively for religious, charitable or educations purposes**, **no part of the net earnings of which inures to the benefit of any private shareholder or individual**.

NYCRR 146-3.1(d)(2) (emphasis added).  However, Defendant cannot establish, at the pleading stage and as a matter of law, that NYIT's de Seversky Mansion is organized "exclusively" for educational purposes, or that "no part" of the earnings benefit any private individual.  This requires an evidentiary record which will be developed in discovery.

As an initial matter, Defendant does not, and cannot, cite any controlling legal authority for the proposition that it is excluded from coverage of the Hospitality Industry Wage Order as a non-profit corporation pursuant to Section 146-3.1(d)(2).  Rather, Defendant claims that it is covered by this exclusion only because "the language of the exclusion is nearly identical to the definition of an organization exempt from taxation set forth in [Section] 501(c)(3) of the [Internal Revenue Code]," and the Internal Revenue Service ("IRS") has determined that it is

10

entitled to take advantage of that exemption. Def. Mem. at 5. This argument is incorrect and premature at the pleading stage.

First, the New York State or Federal judiciaries are not bound by an IRS determination as to a corporation's 501(c)(3) status. *See, e.g., Abortion Rights Mobilization, Inc. v. Regan*, 544 F. Supp. 471, 488 (S.D.N.Y. 1982) (discussing Congress's recognition of the "competence of the judiciary to reevaluate and where necessary to supervise IRS decisions concerning the award of Section 501(c)(3) status"); *see also* 26 U.S.C. Section 7428 (conferring jurisdiction on the courts "to make a declaration" with respect to the IRS's "determination . . . of an organization's [] qualification under section 501(c)(3)"). As such, even in the context of tax laws that the IRS specifically enforces, courts need not blindly defer to the IRS's 501(c)(3) determinations. Such determinations are often the focus of litigation. *See, e.g., Fulani v. League of Women Voters Education Fund*, 882 F.2d 621 (2d Cir. 1989); *The Association of the Bar of the City of New York v. Commissioner of Internal Revenue*, 858 F.2d 876 (2d Cir. 1988); *Dalton Farms Associates v. Baker*, 704 F. Supp. 460 (S.D.N.Y. 1989). Certainly, this Court is not bound to accept an unchallenged IRS determination on 501(c)(3) status when interpreting Defendant's coverage under the DOL's regulations.

Second, in order to determine whether Defendant is in fact excluded from the Hospitality Wage Order under Section 146-3.1(d)(2), Plaintiffs must engage in discovery regarding, among other items, (i) the "exclusivity" of the educational purposes of NYIT and the de Seversky Mansion, and (ii) whether "no part" of Defendant's net earnings actually "inure[d] to the benefit of any private shareholder or individual." Plaintiffs have not had any opportunity to seek discovery to rebut Defendant's argument that it is entitled to exclusion from the Hospitality Industry Wage Order. Accordingly, Defendant's motion, notwithstanding its utter lack of merit,

11

is also premature. *See, e.g., Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d

Cir. 1999) (vacating and remanding district court's decision to dismiss complaint "so that

Plaintiff may have an opportunity, with appropriate discovery, to contest" whether Defendant

was entitled to ADA safe harbor); *Tomney v. Int'l Ctr. for the Disabled*, 02 CIV. 2461 (DC),

2003 WL 1990532, at *8 (S.D.N.Y. Apr. 29, 2003) (denying motion to dismiss as premature

where discovery was necessary to make determination whether Plaintiff was exempt from FLSA

under "professional" employee exemption); *McKenney v. Nat'l Rural Letter Carriers Ass'n*, 07-

CV-584A (RJA), 2009 WL 902506, at *4 (W.D.N.Y. Apr. 2, 2009) (denying motion to dismiss

as premature when discovery was needed in order to determine whether plaintiff's claims were

pre-empted by ERISA).

Third, the limited pre-discovery evidence that is available actually indicates that there is a

strong likelihood that Defendant is *not* excluded from the Hospitality Industry Wage Order.

NYIT's very own website states that only "[a] **portion** of the mansion's proceeds benefits NYIT

and its students." Gottlieb Decl. at Ex. 1 (emphasis added). However, Section 146-3.1(d)(2)

provides that "**no part** of the net earnings" of an employer may "inure to the benefit of any

private shareholder or individual" to qualify as a non-profit corporation. Thus, to the extent the

remainder of the de Seversky Mansion's proceeds benefits individuals, as opposed to the

institution, Defendant may not fit within the exclusion from the Hospitality Industry Wage

Order. Defendant's conclusory and self-serving argument that it is excluded from coverage

under the Hospitality Industry Wage Order does not make it the case.

Accordingly, since Defendant has also not met its burden of showing that it, as a matter

of law, is excluded from the provisions of the Hospitality Wage Order, Defendant's motion to

dismiss the third and fourth causes of action must be denied.

12

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny

Defendant's motion to dismiss Plaintiffs' third and fourth causes and action.

Dated: New York, New York
October 11, 2012

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
Douglas H. Wigdor
David E. Gottlieb
Tanvir H. Rahman

85 Fifth Avenue
New York, NY 10003
Tel: (212) 257- 6800
Fax: (212) 257-6845
dwigdor@thompsonwigdor.com
dgottlieb@thompsonwigdor.com
trahman@thompsonwigdor.com

*Attorneys for Plaintiffs and the Putative Class*