**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------

DANIEL CORDERO, KELLY HYDE
and KEVIN HYDE, on behalf of themselves
and all other similarly situated individuals,

               Plaintiffs,

       vs.

NEW YORK INSTITUTE OF
TECHNOLOGY,

            Defendant.

------------------------------------------------

12-CV-3208 (SJF)(GRB)


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF ITS MOTION TO DISMISS THE**
**THIRD AND FOURTH CAUSES OF ACTION IN THE COMPLAINT**

Douglas P. Catalano
Neil G. Sparber
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone:  (212) 318-3000
dcatalano@fulbright.com
nsparber@fulbright.com

Attorneys for Defendant
New York Institute of Technology

50552924.2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

POINT I      NYIT IS INDISPUTABLY A NOT-FOR-PROFIT ORGANIZATION.............. 2

POINT II     PLAINTIFFS' THIRD CAUSE OF ACTION CONCERNING THE
             SERVICE CHARGE SHOULD BE DISMISSED BECAUSE NYIT IS
             EXEMPT FROM APPLICABLE DEPARTMENT OF LABOR
             REGULATIONS........................................................................................... 4

POINT III    PLAINTIFFS' FOURTH CAUSE OF ACTION CONCERNING
             UNIFORM MAINTENANCE PAY SHOULD BE DISMISSED ........................ 7

CONCLUSION........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Matter of Allstate Ins. Co. v. Rivera,
  12 N.Y.3d 602 (2009) ..................................................................................5

Ballard v. Community Home Care Referral Serv.,
  264 A.D.2d 747 (2d Dept. 1999) ................................................................6

Chan v. Triple 8 Palace, Inc.,
  2006 WL 851749 (S.D.N.Y. Mar. 30, 2006) ..............................................8

Copantitla v. Fiskardo Estiatorio, Inc.,
  788 F. Supp. 2d 253 (S.D.N.Y. 2011)........................................................6

Dabolt v. Bethlehem Steel,
  92 A.D.2d 70 (4th Dept. 1983) ...................................................................6

Kelly v. Xerox Corp.,
  256 A.D.2d 311 (2d Dept. 1998) ................................................................5

Leonard F, v. Israel Disc. Bank of New York,
  199 F.3d 99 (2d Cir. 1999)..........................................................................3

Limpert v. Cambridge Credit Counseling Corp.
  328 F. Supp. 2d 360 (E.D.N.Y. 2004) .......................................................4

McKenney v. Nat'l Rural Letter Carriers Ass'n,
  2009 WL 902506 (W.D.N.Y. Apr. 2, 2009) ...............................................3

Matter of Medical Socy. of State of N.Y. v Serio,
  100 N.Y.2d 854 (2003) ...............................................................................5

Samiento v. World Yacht Club,
  10 N.Y.3d 70, 854 N.Y.S.2d 83 (2008) .....................................................6

Servido v. Superintendent of Ins.,
  53 N.Y.2d 1041 (1981) ...............................................................................7

Tomney v. Int'l Ctr. for the Disabled,
  2003 WL 1990532 (S.D.N.Y. Apr. 29, 2003)............................................3

**RULES AND STATUTES**

26 U.S.C. 501(c)(3).................................................................................................3

Fed. R. Civ. P. 12(b)(6).....................................................................................................1

N.Y. Labor Law Art. 2, § 21.......................................................................................5, 6, 7

N.Y. Labor Law § 1 ...........................................................................................................5

N.Y. Labor Law § 196-d........................................................................................1, 2, 4, 6, 7

N.Y. Labor Law § 651(5) ...................................................................................................5

N.Y. Labor Law § 655(5)(b).................................................................................................5

## OTHER AUTHORITIES

12 N.Y.C.R.R. Part 141 .......................................................................................................1

12 N.Y.C.R.R. Part 142 .......................................................................................................1

12 N.Y.C.R.R. Part 142-2.2 ...............................................................................................6

12 N.Y.C.R.R. Part 142-3.5(c)............................................................................................8

12 N.Y.C.R.R. Part 143 .......................................................................................................1

12 N.Y.C.R.R. Part 146 .....................................................................................................2, 1

12 N.Y.C.R.R. Part 146-1.7 ...............................................................................................8, 7

12 N.Y.C.R.R. Part 146-1.8 ...............................................................................................8, 7

12 N.Y.C.R.R. Part 146-3.1 ...............................................................................................2

12 N.Y.C.R.R. Part 146-3.1(d)(2).......................................................................................2, 3, 8

12 N.Y.C.R.R. Part 190 .......................................................................................................1

http://www.labor.ny.gov/legal/laws/pdf/hospitality-wage-order/summary-of-hospitality-
         wage-order.pdf .......................................................................................................6

This reply memorandum of law is submitted on behalf of defendant New York Institute of Technology in further support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the third and fourth causes of action in the complaint on the ground that they fail to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

NYIT is not attempting to abrogate Section 196-d to hold that not-for-profit organizations are wholly excluded from the statute. Plaintiffs' claim against NYIT in this action arises out the portion of NYIT's operations concerning its catering services at the de Seversky Mansion. In that respect, plaintiffs concede that, as general matter, the food and beverage services emanating from NYIT's de Seversky operations, which form the basis of their complaint, would ordinarily be governed by the Hospitality Wage Order, inasmuch as plaintiffs' fourth cause of action seeks relief specifically thereunder.[1]  Moreover, it is quite clear that the remaining four (4) Wage Orders do not regulate the provision of food and beverages by an institution such as NYIT. The Hospitality Wage Order, which would otherwise apply to NYIT's deSeversky's food and beverage operations, as conceded by plaintiffs, however, interprets New York Labor Law Section 196-d, and expressly excludes not-for-profit organizations from its provisions. There is nothing inconsistent with the Department of Labor's exclusion of not-for-profit organizations which provide catering or other food services from Section 196-d as the Department of Labor has necessarily recognized that not-for-profit educational organizations' service of food and beverages is a collateral function, and an incidental part of, its core operations and mission. As a

---

[1] There are currently five minimum wage orders in effect: (i) Minimum Wage Order for the Building Services Industry, 12 N.Y.C.R.R. Part 141; (ii) Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. Part 142; (iii) Minimum Wage Order for Farm Workers, 12 N.Y.C.R.R. Part 190; (iv) Minimum Wage Requirements Applicable to Non-Profitmaking Institutions Which Have Elected the Option to Pay the Statutory Wage Exclusive of Allowances In Lieu of Wage Order Coverage, 12 N.Y.C.R.R. Part 143; and (v) Minimum Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. Part 146.

50552924.2

result, its determination that such not-for-profit organizations should not be burdened with the same requirements as for-profit entities relating to the provision of food and beverages in entirely appropriate.

Plaintiff does not cite a single court decision or administrative interpretation concerning the exclusion of not-for-profit organizations, such as NYIT, from the regulatory scheme relating to the service of food and beverages in "Hospitality Wage Order," 12 N.Y.C.R.R. Part 146, and its effect on New York Labor Law Section 196-d.  As set forth below, and in NYIT's main memorandum of law, the New York State Department of Labor has interpreted Section 196-d and has set forth an exclusion for not-for-profit organizations who might otherwise be covered by the "hospitality industry" wage order by reason of its furnishing of food and beverages.  This determination, through the promulgation of regulations, was a proper exercise of the authority delegated to the Department of Labor by the legislature.  NYIT is indisputably a not-for-profit organization, despite plaintiff's protestations and, as a result, the third and fourth causes of actions seeking to hold NYIT liable for service charge distributions and uniform maintenance pay should be dismissed.

**ARGUMENT**

**POINT I**

<u>**NYIT IS INDISPUTABLY A NOT-FOR-PROFIT ORGANIZATION**</u>

At a minimum, there should be no dispute that NYIT is a not-for-profit organization exempt from the Hospitality Wage Order.  As set forth in NYIT's main memorandum, the Hospitality Wage Order only applies to employers in the "hospitality industry," which includes restaurants and hotels as defined therein.  <u>See</u> Part 146-3.1.  Part 146-3.1(d)(2) expressly excludes from the definition of "hospitality industry":

> Establishments where the service of food or service or the provision of lodging is offered by any corporation, unincorporated association, community chest, fund, or foundation, <u>organized exclusively for religious, charitable, or educational purposes</u>, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

12 N.Y.C.R.R. Part 146-3.1(d)(2) (emphasis added). The language of this exclusion is nearly identical to the definition of an organization exempt from taxation set forth in 26 U.S.C. 501(c)(3). (See Def. Main Memorandum at footnote 2).

Significantly, plaintiffs concede in the complaint that NYIT "is a private, not-for-profit educational institution" and that "NYIT owns and operates the de Seversky Mansion." (Compl. ¶ 5). Even if plaintiffs' admissions were not sufficient, the IRS 501(c)(3) determination letter and the by-laws filed by NYIT with the New York State Department of Education confirm NYIT's status as a not-for-profit educational organization. Plaintiffs' assertion that more discovery is needed on this issue[2] and that this Court should not accept the IRS's determination is contrary to the ample judicial authority permitting a court to take notice of matter of public record and administrative determinations, as cited by NYIT in its main memorandum. The cases cited by plaintiffs, at page 11 of their memorandum, concerning litigation over IRS determinations were, as admitted by plaintiff, direct actions either challenging the 501(c)(3) statuses of various organizations based on alleged improper activity, or an action attacking the

---

[2] Plaintiffs' citation to cases in which courts held discovery was necessary to determine whether a defendant was entitled to the ADA safe harbor (<u>Leonard F. v. Israel Disc. Bank of New York</u>, 199 F.3d 99, 107 (2d Cir. 1999) (discovery needed to determine whether there was an "intent to evade" the ADA), whether a plaintiff was an exempt employee under the FLSA (<u>Tomney v. Int'l Ctr. for the Disabled</u>, 2003 WL 1990532 (S.D.N.Y. Apr. 29, 2003) (discovery needed on plaintiff's actual job duties), or whether a plaintiff's claims were preempted by ERISA (<u>McKenney v. Nat'l Rural Letter Carriers Ass'n</u>, 2009 WL 902506 (W.D.N.Y. Apr. 2, 2009) (discovery needed to determine whether employment plan was an ERISA plan), have nothing to do with NYIT's assertion that it is a 501(c)(3) organization which meets the exemption in the Hospitality Wage Order. All of those cases required a factual analysis to meet various tests, and none of those cases involved a determination by a federal administrative agency that the defendant already qualified the exemption at issue. NYIT has received a determination that it is organized exclusively for religious, charitable, or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual" and there are no allegations in the complaint to the contrary.

constitutionality of 501(c)(3) determinations, and they merely stand for the unremarkable proposition that the judiciary can, in the appropriate venue and manner, review an IRS determination.

Nevertheless, those cases have nothing to do with this Court's ability to take judicial notice of the IRS's current and unchallenged determination that NYIT is a 501(c)(3) not-for-profit corporation for purposes of meeting the exemption.   In <u>Limpert v. Cambridge Credit Counseling Corp</u>. 328 F. Supp. 2d 360 (E.D.N.Y. 2004), an action commenced by consumers against credit counseling agencies, the Court granted certain of the defendants' 12(b)(1) and 12(b)(6) motion to dismiss the plaintiffs' Credit Repair Organization Act ("CROA") claims. The Court held that CROA, by statute, specifically did not apply to 501(c)(3) organizations and dismissed the claims expressly based upon the submission of IRS determination letters that the defendants were 501(c)(3) organizations. <u>Id.</u> at 365.  As a result, this Court should take judicial notice of the IRS determination letter setting forth NYIT's status as a 501(c)(3) organization.[3]

## POINT II

### PLAINTIFFS' THIRD CAUSE OF ACTION CONCERNING THE SERVICE CHARGE SHOULD BE DISMISSED BECAUSE NYIT IS EXEMPT FROM APPLICABLE DEPARTMENT OF LABOR REGULATIONS

Plaintiffs contend that while the Department of Labor apparently can issue more onerous and stringent requirements on employers in the hospitality industry with respect to its interpretation of Section 196-d, it somehow may not interpret Section 196-d to impose less stringent requirements on some employers, such as not-for-profit organizations.  NYIT disagrees.

The Court of Appeals has held that "[t]he Legislature may authorize an administrative agency 'to fill in the interstices in the legislative product by prescribing rules and regulations

---

[3] Plaintiffs' conclusory statement at page 12 of their memorandum, based on a statement on NYIT's website that "[a] portion of the mansion's proceeds benefits NYIT and its students," that perhaps de Seversky proceeds go to individuals rather than the institution, questioning NYIT's not-for-profit status, is simply without merit.

consistent with the enabling legislation.'" <u>Matter of Allstate Ins. Co. v. Rivera</u>, 12 N.Y.3d 602, 608 (2009) (quoting <u>Matter of Medical Socy. of State of N.Y. v Serio</u>, 100 N.Y.2d 854, 865 (2003). As a result, courts have held that "an agency [charged with the enforcement of a statute has been empowered to] adopt regulations that go beyond the text of that legislation, provided they are not inconsistent with the statutory language or its underlying purposes." <u>Id.</u> An interpretation of the Hospitality Wage Order, which exempts not-for-profit educational institutions which may offer catering and other food services as a collateral function to its purpose of educating students is not inconsistent with the statutory language or its underlying purposes.

The New York State Legislature has specifically authorized the Commissioner of the New York State Department of Labor to "issue such regulations governing any provision of this chapter as he finds necessary and proper." N.Y. Labor Law Art. 2, § 21. A "chapter" refers to any provision of the Labor Law. <u>See Kelly v. Xerox Corp.</u>, 256 A.D.2d 311, 312 (2d Dept. 1998); Labor Law § 1 ("This Chapter shall be known as the 'Labor Law'"). Moreover, New York Labor Law Section 655(5)(b) provides that the wage board appointed by the Commissioner of Labor may recommend regulations which "may include regulations <u>defining the exclusions</u> from the term 'employee' set forth in [Labor Law § 651(5)]" and "may also include, but are not limited to" regulations concerning other matters such as overtime, allowances for gratuities, etc. N.Y. Labor Law. § 655(5)(b) (emphasis supplied). Notably, therefore, the Department of Labor is <u>specifically</u> <u>empowered</u> by the Legislature to shape the exclusions of those who are not covered by the New York Labor Law. The scope of permissible regulations is not limited to those enumerated in N.Y. Labor Law Section 655(5)(b) based on the term "may include . . .", which recognizes that regulations concerning other areas not specified in the statute may be

50552924.2                                                    -5-

made.    Thus, the Department of Labor properly exercised its authority by adopting the Hospitality Wage Order to "flesh[] out the law" concerning tip appropriation by employers and their agents[4] and which specifically interpreted Section 196-d's applicability to service charges. See Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 286 (S.D.N.Y. 2011).

Moreover, the New York State Department of Labor's interpretation of a statute, with which it is charged with enforcing, is entitled to deference.  Samiento v. World Yacht Club, 10 N.Y.3d 70, 79, 854 N.Y.S.2d 83 (2008).  "The construction given statutes and regulations by the agency responsible for their administration, 'if not irrational or unreasonable,' should be upheld."  Samiento, 10 N.Y.3d at 79 (citations omitted) (deference given to New York State Department of Labor's interpretation of Section 196-d); Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 286 (S.D.N.Y. 2011) (same) (deference given to New York State Department of Labor's interpretation of Section 196-d).

Thus, the New York State Department of Labor has expressly excluded not-for-profit educational organizations, which otherwise have been included in the Hospitality Industry Wage Order,  from that Order and, necessarily, as a result, from Section 196-d's provisions concerning service charges and gratuities, which is a proper exercise of the agency's authority.  See N.Y. Labor Law Art. 2, § 21; Ballard v. Community Home Care Referral Serv., 264 A.D.2d 747 (2d Dept. 1999) (noting that although New York State Labor Law contains no provisions governing overtime compensation, the Commissioner of Labor properly exercised his authority to issue overtime requirements in Miscellaneous Wage Order, 12 N.Y.C.R.R. Part 142-2.2, at issue in the action); Dabolt v. Bethlehem Steel, 92 A.D.2d 70 (4th Dept. 1983) (definitions provided in regulations issued by agency relied upon to interpret Labor Law statutory language, even though

---

[4]   http://www.labor.ny.gov/legal/laws/pdf/hospitality-wage-order/summary-of-hospitality-wage-order.pdf, at page 2.

the definition gave a "liberal interpretation" to the statute). <u>Servido v. Superintendent of Ins.</u>, 53 N.Y.2d 1041 (1981), cited by plaintiffs at page 8 of their memorandum in opposition, is not to the contrary. In <u>Servido</u>, the Court held that the Superintendent of Insurance was not authorized to issue a regulation concerning a certain exclusion from the insurance statute because "the power to exclude was delegated to the Superintendent by an enumeration of specific exclusions" and "in the absence of a general grant of power" he could not exclude other classes. In contrast, the Department of Labor is given broad authority to "issue such regulations governing any provision of this chapter as he finds necessary and proper." N.Y. Labor Law Art. 2, § 21. The issuance of a regulation by the New York Department of Labor interpreting Section 196-d to exclude not-for-profit organizations is not contrary to law.

Therefore, because NYIT, a corporation organized exclusively for educational purposes, is excluded from the Hospitality Wage Order's application, and thus Section 196-d, plaintiffs' third cause of action should be dismissed.[5]

## POINT III

### PLAINTIFFS' FOURTH CAUSE OF ACTION CONCERNING UNIFORM MAINTENANCE PAY SHOULD BE DISMISSED

Plaintiffs seek to hold NYIT liable under the Hospitality Wage Order, specifically Part 146-1.7 (Uniform Maintenance Pay) and Part 146-1.8 (cost of purchasing required uniforms), for the purchase, cleaning, and maintenance of required uniforms. As set forth above, and in NYIT's main memorandum, NYIT is not subject to those requirements because it is excluded by virtue of its status as a not-for-profit educational organization.

---

[5] Plaintiffs also suggest, at page 7 of their opposition, that <u>hypothetically</u>, if there were no other minimum wage orders applicable to not-for-profit corporations, NYIT's argument would result in NYIT being exempt from all minimum wage and overtime requirements since it is exempt from the Hospitality Wage Order. NYIT has made no such argument and, in any event, there <u>are</u> other Minimum Wage Orders in place which might govern NYIT's operations and thus a resort to plaintiff's hypothetical scenario is unwarranted.

Although plaintiffs do not address that aspect of NYIT's argument, assuming NYIT is otherwise subject to other minimum wage orders, such as the New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, including the general provisions for Nonprofitmaking Institutions, 12 N.Y.C.R.R. Part 142-3.5(c), plaintiffs' fourth cause of action still must be dismissed.  Plaintiffs failed to allege sufficiently that their uniform-related expenditures reduced their wages to below the minimum wage as is required to maintain a cause of action.  See, e.g., Chan v. Triple 8 Palace, Inc., 2006 WL 851749, at *22, n.39 (S.D.N.Y. Mar. 30, 2006); See Def. Main Memorandum at pp. 7-8 and the cases cited therein.

As a result, to the extent that plaintiffs allege that NYIT is liable pursuant to the Hospitality Wage Order, Parts 146-1.7 and 146-1.8, for uniform purchase and maintenance pay, plaintiffs' claim must be dismissed because NYIT, as a not-for-profit educational organization, is expressly exempt from the Hospitality Wage Order as set forth in Part 146-3.1(d)(2), and as described above.  Moreover, to the extent  NYIT may be subject to the uniform maintenance provisions contained in the Minimum Wage Order at 12 N.YC.R.R. Part 142-3.5(c) set forth above, there are no allegations in the complaint that the costs of purchasing, laundering, or maintaining alleged required uniforms caused any of the plaintiffs' wages to fall below the minimum wage.  As a result, the complaint fails to contain any factual allegations in support of plaintiffs' fourth cause of action.

## CONCLUSION

Words have meanings – the Department of Labor has necessarily determined that an educational, not-for-profit institution, such as NYIT, should not be restricted or burdened with the same obligations of those profit-making institutions which provide food and beverage services.  Necessarily, the Department of Labor recognized that the furnishing of food and

-9-

beverages by an educational institution is collateral to its main purpose of educating students.

For the foregoing reasons, defendant NYIT respectfully submits that plaintiffs' third cause of

action and fourth cause of action in the complaint should be dismissed, with prejudice.

Dated: October 25, 2012             FULBRIGHT & JAWORSKI L.L.P.
      New York, New York

By: _Douglas P Catalano_

Douglas P. Catalano
Neil G. Sparber
Fulbright & Jaworski L.L.P.
666 Fifth Avenue, 31st Floor
New York, New York 10103
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

Attorneys for Defendant
New York Institute of Technology