UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DANIEL CORDERO, KELLY HYDE,
KEVIN HYDE, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

-against-

NEW YORK INSTITUTE OF TECHNOLOGY,

                Defendant.
----------------------------------------------------------X

**OPINION AND ORDER**
12-CV-3208 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUN 2 0 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On June 27, 2012, plaintiffs Daniel Cordero, Kelly Hyde and Kevin Hyde ("plaintiffs"), current and former employees of the New York Institute of Technology ("defendant"), initiated this action on behalf of themselves and a purported class of others similarly situated, alleging that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 190, et seq., by: (1) failing to pay plaintiffs one and one half (1.5) times their hourly rate for all hours worked in excess of forty (40) hours per week (first and second causes of action); (2) retaining charges to customers purporting to be gratuities for plaintiffs (third cause of action); and (3) failing to reimburse plaintiffs for the costs of purchasing and maintaining their uniforms (fourth cause of action). [Docket Entry No. 1] ("Compl."). Now before the Court is defendant's motion to dismiss plaintiffs' third and fourth causes of action for failure to state a claim upon which relief may be granted. [Docket Entry No. 15] (the "motion"). For the reasons that follow, defendant's motion is DENIED.

1

I.  Background

Defendant is a private, not-for-profit educational institution, Compl. at ¶ 5, and is tax exempt under 26 U.S.C. § 501(c)(3) ("section 501(c)(3)"), Defendant's Memorandum of Law in Support of its Motion to Dismiss [Docket Entry No. 18] ("Def. Memo.") at 1. Plaintiffs worked for defendant as servers, bartenders and/or captains in connection with defendant's catering services at the "de Seversky Mansion," Compl. at ¶¶ 1, 21, a "conference and dining facility located on NYIT's campus in Old Westbury, New York, Def. Memo. at 1.

A.  Claims

1.  Section 196-d (Third Cause of Action)

Section 196-d of the NYLL provides that "[n]o employer . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." The New York Court of Appeals has held that section 196-d is applicable to "mandatory charges when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees." Samiento v. World Yacht Inc., 10 N.Y.3d 70, 81 (2008). The NYLL defines an "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service," NYLL § 190, and therefore the requirements of section 196-d are not restricted to any particular industry. The New York Department of Labor has promulgated additional regulations that are specifically applicable to the "hospitality industry," N.Y. COMP. CODES R. & REGS. tit. 12 §§ 146, et seq. (the "Hospitality Wage Order"), including regulations adopted pursuant to section 196-d, which provide that: (1) a charge purported to be a gratuity must be distributed in full to the employees who provided the service; (2) there is a rebuttable presumption that a charge in

2

addition to charges for food and beverages, including for "service," is a charge purported to be a gratuity; and (3) employers must maintain certain records related to such charges. N.Y. COMP. CODES R. & REGS. tit. 12 § 146-2.18.

Plaintiffs' third cause of action alleges that defendant regularly charged its customers an eighteen to twenty percent (18-20%) "Service Charge," retained "all or a portion of the monies collected," and "led or knowingly allowed the reasonable customer to believe that the Service Charge was a gratuity" in violation of both section 196-d and the Hospitality Wage Order. Compl. at ¶¶ 27-32. Defendant argues that this claim must be dismissed because the Department of Labor has exempted defendant, as a not-for-profit educational corporation, from both the Hospitality Wage Order and section 196-d. Def. Memo. at 6 ("[T]he New York State Department of Labor has expressly excluded not-for-profit educational organizations from the Hospitality Wage Order and, as a result, from Section 196-d's provisions concerning service charges and gratuities. Therefore, because NYIT . . . is excluded from the Hospitality Wage Order's application, plaintiffs' third cause of action should be dismissed.").

2. Uniform Maintenance

The Hospitality Wage Order requires employers in the hospitality industry to provide compensation for employees' purchase and maintenance of required uniforms. The regulation specifically provides that it "shall apply to all employees, regardless of a given employee's regular rate of pay." Hospitality Wage Order § 146-1.7. The latter provision, which is not included in wage orders applicable to other industries, allows hospitality industry employees to recover for uniform-related expenditures even if such expenditures did not reduce their wages below the minimum wage. In contrast, the uniform compensation requirements of wage orders in other industries, such as the Minimum Wage Order for Miscellaneous Industries and

3

Occupations, 22 N.Y. CODE R. & REG. tit. 12 §§ 142, et seq., are limited to circumstances where the "plaintiffs' uniform-related expenditures would reduce their wages below the minimum wage," Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 WL 851749, at *22 (S.D.N.Y. Mar. 30, 2006).

Plaintiffs' fourth cause of action alleges that defendant required plaintiffs to wear a "three-button black tuxedo suit jacket, a ruffled white shirt with a wing tip collar, striped black tuxedo pants, a black vest, and either a black bow tie or a burgundy necktie," but did not compensate them for the cost of purchasing and maintaining the outfit. Compl. at ¶¶ 34-41. Plaintiffs assert that the outfit constitutes a "required uniform" under the NYLL and that defendant's failure to provide compensation violated the Hospitality Wage Order. Plaintiffs do not allege that their uniform-related expenditures caused their wages to drop below minimum levels, and therefore their claim depends upon defendant being subject to the Hospitality Wage Order. Defendant again argues that the claim must be dismissed because, as a not-for-profit educational corporation, it is exempt from the Hospitality Wage Order. Def. Memo. at 3.

II. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint

4

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See McGarry v. Pallito, 687 F.3d 505, 510 (2d Cir. 2012); Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679; see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.") (quotations and citations omitted). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation.") (internal quotations and citation omitted).

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein;

5

to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

III.  Discussion

Defendant's argument for dismissing both the third and fourth causes of action rests upon its assertion that, as a not-for-profit educational corporation, it is exempt from the Hospitality Wage Order. The Hospitality Wage Order is applicable to the "hospitality industry," which is defined as including "any restaurant or hotel." Id. at § 146-3.1(a). The term "restaurant" includes "any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto." Id. at § 146-3.1(b). The Hospitality Wage Order specifically excludes from the hospitality industry "establishments where the service of food or beverage or the provision of lodging is offered by any corporation, unincorporated association, community chest, fund or foundation organized exclusively for religious, charitable or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual." Id. at § 146-3.1(d)(2).

Defendant asserts that "[t]he language of th[e] exclusion [from the Hospitality Wage Order] is nearly identical to the definition of an organization exempt from taxation set forth in [section] 501(c)(3)," which includes "[c]orporations . . . operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes," and has submitted a Determination Letter issued by the Internal Revenue Service confirming its tax

6

exempt status and its educational Charter issued by the New York State Department of Education. Affidavit of Samantha Beltre [Docket Entry No. 17] Exs. A, B. Plaintiffs argue in response that defendant's tax-exempt status under section 501(c)(3) fails to establish as a matter of law that it "is organized 'exclusively' for educational purposes, or that 'no part' of [its] earnings benefit any private individual," and therefore discovery should be permitted to determine whether defendant is excluded from the Hospitality Wage Order. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss [Docket Entry No. 19] ("Pl. Memo.") at 10-11.

Defendant has not provided persuasive support for its position that an organization that is tax exempt under section 501(c)(3) is excluded from the Hospitality Wage Order as a matter of law. Defendant relies upon Limpert v. Cambridge Credit Counseling Corp., where the court dismissed claims asserted pursuant to the Credit Repair Organization Act (the "CROA"), 15 U.S.C. §§ 1679, et seq., against two (2) of the defendants upon the basis of the defendants' section 501(c)(3) tax-exempt status. 328 F. Supp.2d 360, 365 (E.D.N.Y. 2004). However, the CROA expressly provides that "any nonprofit organization which is exempt from taxation under section 501(c)(3)" is excluded from the definition of a "credit repair organization," 15 U.S.C. § 1679a(3)(B)(i), whereas the Hospitality Wage Order contains no explicit reference to section 501(c)(3).

Since defendant's section 501(c)(3) status is not dispositive of the issue, defendant's motion to dismiss is premature. Although the complaint states that defendant "is a private, not-for-profit educational institution" and that, "upon information and belief," it operates the de Seversky Mansion, this does not constitute an admission that "no part of [defendant's] net earnings" from the operation of the de Seversky Mansion "inures to the benefit of any private

7

shareholder or individual." Hospitality Wage Order § 146-3.1(d)(2). The allegations in the complaint depict the de Seversky Mansion as an "eating or drinking place that prepares and offers food or beverage for human consumption." Hospitality Wage Order at § 146-3.1(b). While defendant asserts that "the Department of Labor has necessarily recognized that not-for-profit educational organizations' service of food and beverages is a collateral function, and an incidental part of, its core operations and mission," Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss [Docket Entry No. 21] at 1, it is not clear from the pleadings that the de Seversky Mansion constitutes such an "incidental" or "collateral" operation. Drawing all reasonable inferences in favor of plaintiffs, the Court cannot conclude from the record before it that defendant is exempt from the Hospitality Wage Order.

The Court also notes that even if defendant had established its exemption from the Hospitality Wage Order, the third cause of action asserted pursuant to section 196-d would still survive the motion to dismiss, as defendant's argument that the Department of Labor's exemption of not-for-profit organizations from the Hospitality Wage Order also exempts such organizations from the requirements of section 196-d of the NYLL is without merit. The Hospitality Wage Order does not purport to exempt not-for-profit organizations from the requirements of section 196-d; rather, it provides regulations applicable only to the hospitality industry.[1] Moreover, even if the Department of Labor did interpret section 196-d to be

---

[1]  Section 146-2.18 of the Hospitality Wage Order states in full as follows:

Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

(a) A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service.

8

inapplicable to not-for-profit organizations, the interpretation would be unreasonable and therefore not entitled to deference from the Court. See Salvati v. Eimicke, 72 N.Y.2d 784, 791 (1988) (holding that an administrative agency's "interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference").

There is no indication that the New York Legislature intended to exclude not-for-profit organizations from the scope of section 196-d, and such an interpretation would conflict with the natural and obvious reading of the term "employer," as defined in the NYLL ("any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service," NYLL § 190). See Samiento, 10 N.Y.3d at 77-78 ("When presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature. The language of a statute is generally construed according to its natural and most obvious sense in accordance with its ordinary and accepted meaning, unless the Legislature by definition or from the rest of the context of the statute provides a special meaning.") (internal quotation marks, citation and alterations omitted); Matter of Allstate Ins. Co. v. Rivera, 12 N.Y.3d 602, 608 (2009) (stating that the New York State Legislature may authorize an administrative agency to "fill in the

---

(b) There shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity.

(c) Employers who make charges purported to be gratuities must establish, maintain and preserve for at least six years records of such charges and their dispositions.

(d) Such records must be regularly made available for participants in the tip sharing or tip pooling systems to review.

N.Y. COMP. CODES R. & REGS. § 146-2.18.

interstices in the legislative product by prescribing rules and regulations," but that such regulations must be "consistent with the enabling legislation" and cannot be "inconsistent with the statutory language or its underlying purposes"). In other sections of the NYLL where the Legislature intended to distinguish between for-profit and not-for-profit employers, it did so explicitly. See NYLL § 191(a)(i) ("A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed . . . by a <u>non-profitmaking organization</u> shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.") (emphasis added).[2]

Furthermore, the exclusion of not-for-profit organizations from the scope of section 196-d would not be consistent with the purpose of the statute, i.e., "to end the unfair and deceptive practice of an employer retaining money paid by a patron under the impression that he is giving it to the employee, not to the employer," Samiento, 10 N.Y.3d at 79 n.4 (internal quotation marks omitted). There is no reason for the Court to conclude that not-for-profit organizations whose employees work in circumstances substantially identical to those in the for-profit "hospitality industry" are less likely to engage in the practices that the statute seeks to prevent.

---

[2]    Defendant argues that the "Department of Labor is <u>specifically empowered</u> by the Legislature to shape the exclusions of those who are not covered by the New York labor Law," Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss [Docket Entry No. 19] at 5, relying upon NYLL § 655(5)(b), which provides that the Department of Labor "may recommend regulations which 'may include regulations defining the exclusions from the term 'employee' set forth in [NYLL § 651(5)].'" This argument fails because section 651(5) of the NYLL contains various explicit exclusions from the definition of "employee" for the Department of Labor to interpret (such as those employed "in a bona fide executive, administrative, or professional capacity"), whereas section 196-d contains no such explicit exclusions.

10

IV.  Conclusion

For the foregoing reasons, defendant's motion [Docket Entry No. 15] is DENIED. The parties are directed to appear for an initial conference before the Court on July 9, 2013 at 11:15 a.m.

**SO ORDERED.**

s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 20, 2013
Central Islip, New York